UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISIION
AT LEXINGTON

| | |
|---|---|
| KAYLA ADKINS,<br>    Plaintiff,<br><br>V.<br><br>SHELTER MUTUAL INS. CO.,<br>    Defendant. | CIVIL ACTION NO. 5:12-173-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on the motion (DE 152) by the Defendant Shelter Mutual Insurance Company to strike the third amended complaint filed by the plaintiff Kayla Adkins.

In October 2008, Adkins was in an automobile accident. She was 17 years old at the time. The accident was caused by Anthony Mason, who was insured by defendant Shelter.

Because Adkins was a minor, Shelter approached her mother about resolving the claim. Shelter paid Adkins' mother $500. In return, Adkins' mother signed an "Indemnifying Release," by which she agreed to hold Shelter and Mason harmless for any claim resulting from Kayla's injury and to reimburse Shelter and Mason if any litigation should arise from Kayla's injuries. The release purported to "fully settle[] and discharge[] all claims" against Shelter and Mason. (DE 82-4, Release.) No party sought court approval of the settlement. Adkins alleges that Shelter did not conduct a reasonable investigation to determine if $500 was a fair or reasonable settlement amount.

In 2009 – after Adkins reached 18 years of age – Adkins retained counsel and filed suit against Mason. Adkins alleges that Shelter refused to negotiate this claim and instead

alleged that the release signed by her mother barred the action. The parties eventually settled Adkins' 2009 claim for $12,000.

In 2012, Adkins filed this action against Shelter. In her second amended complaint, Adkins asserted two claims: a claim under Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), KRS § 304.12-230 and a common law bad faith claim. (DE 1-7, Second Amended Complaint.) Among other things, Adkins asserted that Shelter wrongly attempted to resolve her claim for $500; failed to obtain court approval of the settlement; and used the $500 settlement as the basis for its refusal to negotiate the 2009 lawsuit she filed as an adult.

After discovery in this action and prior to the deadline for motions to amend pleadings, Adkins moved to amend her complaint to assert nine additional claims against Shelter. She sought to add claims for violation of the Kentucky Consumer Protection Act, KRS § 367.110, et seq.; fraud in the inducement; fraud; negligence/gross negligence; negligent misrepresentation; negligent training and supervision; intentional misrepresentation; intentional infliction of emotional distress; and violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq.

Shelter objected to the motion to amend, arguing that it was unduly delayed and prejudicial and that most of the claims were futile. The Court found no undue delay or prejudice. As to futility, however, the Court found that Adkins' assertion of common law bad faith and intentional infliction of emotion distress claims and her claims for violations of the KCPA and RICO were futile. Accordingly, the Court granted Adkins' motion to amend with respect to her fraud in the inducement, fraud, negligence/gross negligence, negligent misrepresentation, negligent training and supervision, and intentional misrepresentation claims but denied the motion to add the four claims that the Court had

determined were futile. The Court ordered Adkins to file a third amended complaint "in conformity" with the opinion.

Adkins filed a revised third amended complaint (DE 129). Shelter points out that the revised complaint contains 12 paragraphs that the tendered amended complaint did not contain. Shelter argues that certain of these new paragraphs assert that this Court made several "holdings" in its ruling on the motion to amend that the Court did not make.

The sole remedy that Shelter seeks is an order striking the amended complaint in its entirety. "According to the case law of this circuit, the 'action of striking a pleading should be used sparingly by the courts.'" *Anderson v. United States*, 39 F. App'x 132, 135 (6th Cir. 2002) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). "It should be 'resorted to only when required for the purpose of justice' and when 'the pleading to be stricken has no possible relation to the controversy." *Id*.

The Court agrees that including assertions about this Court's prior "holdings" in the factual background of the third amended complaint is an unusual practice. Furthermore, when denying a portion of Adkins' motion to amend and ordering the filing of a new complaint "in conformity" with the order, the Court did not envision that the new complaint would contain additional factual allegations except those necessitated by the deletion of the futile counts.

Nevertheless, the Court does not find the drastic remedy of striking the complaint is warranted. To the extent that Adkins' assertions regarding this Court's holdings are incorrect, Shelter has a remedy under the civil rules. It can simply deny them in its answer. Further, the parties' representations regarding this Court's holdings will have no significance in this proceeding. The Court is aware of its prior holdings. Thus, no party will gain any advantage by misrepresenting them.

For these reasons, the Court hereby ORDERS that Shelter's motion to strike (DE 152) the third amended complaint is DENIED.

Dated March 16, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY