UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISIION
AT LEXINGTON

| KAYLA ADKINS, | CIVIL ACTION NO. 5:12-173-KKC |
|---|---|
| Plaintiff, | |
| V. | **OPINION AND ORDER** |
| SHELTER MUTUAL INS. CO., | |
| Defendant. | |

\* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion by plaintiff Kayla Adkins to strike (DE 107) certain opinions of expert Carl Sumner.

On October 25, 2008, Adkins was in an automobile accident. She was 17 years old at the time. The accident was caused by another driver, Anthony Mason, who was insured by defendant Shelter Mutual Insurance Company.

Shelter offered Adkins' mother, Jessica Collins, $500 and, in return, she signed a document provided by Shelter called "Indemnifying Release (Minors)," which can reasonably be interpreted to release Shelter and Mason from all claims, including any claims Adkins herself may have.

Adkins turned 18 in April 2009. On October 26, 2009, she filed suit against Mason seeking additional compensation for her alleged injuries. Neither Adkins nor her attorney, Michael Fore, communicated with Shelter before filing the action. Adkins and Mason eventually settled that claim for $12,000.

In 2012, Adkins filed this action against Shelter. She asserts a claim under Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), KRS § 304.12-230, and also

asserts claims for fraud in the inducement, fraud, negligence/gross negligence, negligent misrepresentation, negligent training and supervision, and intentional misrepresentation.

In her motion, Adkins moves to strike certain opinions contained in a rebuttal expert opinion of Carl Sumner, an expert for the defendant. Adkins argues that certain portions of Sumner's rebuttal opinion do not contradict or rebut other expert witnesses.

Adkins objects to statements Sumner made in his report regarding the conduct of Michael Fore, the attorney who represented Adkins in the 2009 action against Mason. Sumner opines as follows:

> Mr. Fore's failure to contact Shelter before filing suit is inconsistent with standard industry practices. By not contacting Shelter sooner and before suit was filed, Mr. Fore delayed settlement of Ms. Adkins' claim. Mr. Fore's failure to inform Shelter of his representation before filing suit, his referral of Ms. Adkins for treatment, and his guarantee of payment to Ms. Adkins' medical providers is consistent with conduct designed to manufacture a claim.

(DE 67-2, Sumner Report at 3.)

Shelter argues that the testimony rebuts the testimony of Adkins' expert Bill Woolums who opines that Shelter violated seven provisions of UCSPA with regards to Adkins' claim, including that Shelter acted in bad faith by "[n]ot attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear" and by "compelling insureds to institute litigation." Woolums states that he reviewed 102 Shelter claims files and that they show a pattern of "low ball settlements ranging from $300 to $1500 for the most part. . . regardless of the injury incurred or the special damages awarded." (DE 63-3, Woolums opinion.) He further states that, in each case, Shelter required the minor's parent to execute a release that released "any and all claims," and failed to obtain court approval of minor settlements.

Shelter argues that Sumner's opinion regarding attorney Fore's conduct shows that it was not Shelter but attorney Fore who delayed resolution of Adkins' claim.

Sumner's statement that, "[b]y not contacting Shelter sooner and before suit was filed, Mr. Fore delayed settlement of Ms. Adkins' claim" is admissible. It does rebut Woolum's opinion that Shelter failed to attempt to effectuate a prompt, fair, and equitable settlement. He may also opine that it is not his experience in the insurance industry that an insured files suit against the insurer before contacting the insurer about a claim. This is not a legal conclusion but instead an opinion formed about the manner by which claims are normally presented to an insurer for resolution. Sumner is not qualified, however, to discuss standard industry practice for attorneys.

Nor may Sumner opine that attorney Fore's conduct somehow proves that Adkins' claim against Mason was not viable. The viability of Adkins' claim against Mason or lack thereof can be demonstrated through medical evidence. In addition, Adkins states that Sumner may opine, through his expertise in claims adjusting, that her damages were "uncertain" or that her claim was "fairly debatable" or "not viable." (DE 119, Reply at 4.)

Adkins also moves to exclude any opinion that Sumner derived from claims files contained in a list attached to a May 30, 2014 letter to Adkins' counsel from Shelter's counsel. In the letter, Shelter's counsel states that, in forming his opinion, Sumner relied on certain claim files reviewed and identified on an attached list that were inadvertently omitted from Sumner's initial report.

In his deposition, Sumner testified that he did review the files and was sure he made notes but did not have the notes with him at the deposition. (DE 117-8, Sumner Dep at 144-149.) Plaintiff then requested a copy of the notes and the right to reopen the deposition. Shelter concedes that it never supplied the notes and offers to produce them now and make Sumner available for a second deposition. It has presented evidence that, on prior instances, the parties have followed a deposition with written requests for supplementary materials, instead of relying solely on oral requests made during the deposition. The Court

will order that Shelter produce the notes at issue and produce Sumner for a second and limited deposition.

Adkins also moves to exclude any opinion Sumner derived from Fore's litigation file. In his February 28, 2014 report, Sumner states that he reviewed portions of Fore's litigation file in forming his opinion and refers to an attached "list" of items in the file. No such list was attached to the letter. Shelter states that, while Sumner never reviewed the actual litigation file in its entirety, he did review various items in the file that were included in other files produced in this case. It then identifies four categories of such items. The Court has ordered that Shelter make Sumner available for a second deposition. Shelter has now identified the items produced in other files in this matter that Sumner relied upon in forming his opinion. Adkins may inquire into these matters when deposing Sumner.

Accordingly, the Court hereby ORDERS that Adkins' motion to strike (DE 107) is GRANTED in part and DENIED in part as follows:

1) the motion to strike (DE 107) is GRANTED as to the portion of Sumner's opinion in which he states that attorney Fore's "failure to inform Shelter of his representation before filing suit, his referral of Ms. Adkins for treatment, and his guarantee of payment to Ms. Adkins' medical providers is consistent with conduct designed to manufacture a claim." Any opinion and testimony to that effect is EXCLUDED;

2) the motion is GRANTED as any opinion Sumner may have as to standard industry practice for attorneys and any opinion or testimony to that effect is EXCLUDED;

3) the motion is otherwise DENIED; and

4) Shelter SHALL PRODUCE Carl Sumner for a deposition within 30 days of the entry date of this order at a time mutually convenient to the parties and Sumner.

4

The deposition shall be limited to questions regarding any opinion that Sumner derived from claims files contained in a list attached to a May 30, 2014 letter to Adkins' counsel and any opinion that Sumner formed from the four categories of information identified in Shelter's response to this motion (DE 117) beginning at the bottom of page eight.

Dated March 25, 2015.

*Signed:* Karen K. Caldwell

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY