UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISIION
AT LEXINGTON

| | |
|---|---|
| **KAYLA ADKINS,**<br>    **Plaintiff,**<br><br>V.<br><br>**SHELTER MUTUAL INS. CO.,**<br>    **Defendant.** | **CIVIL ACTION NO. 5:12-173-KKC**<br><br><br>**OPINION AND ORDER** |

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the motion by plaintiff Kayla Adkins to strike (DE 115) certain opinions and testimony of experts Carl Sumner, John Roach, and Jeff Guillory.

On October 25, 2008, Adkins was in an automobile accident. She was 17 years old at the time. The accident was caused by another driver, Anthony Mason, who was insured by defendant Shelter Mutual Insurance Company.

Shelter offered Adkins' mother, Jessica Collins, $500 and, in return, Collins signed a document provided by Shelter called "Indemnifying Release (Minors)," which can reasonably be interpreted to release Shelter and Mason from all claims, including any claims Adkins herself may have.

Adkins turned 18 in April 2009.  On October 26, 2009, she filed suit against Mason seeking additional compensation for her alleged injuries. Neither Adkins nor her attorney, Michael Fore, communicated with Shelter before filing the action. Adkins and Mason eventually settled that claim for $12,000.

In 2012, Adkins filed this action against Shelter. She asserts a claim under Kentucky's Unfair Claims Settlement Practices Act ("UCSPA"), KRS § 304.12-230, and also

asserts claims for fraud in the inducement, fraud, negligence/gross negligence, negligent misrepresentation, negligent training and supervision, and intentional misrepresentation.

In her motion, Adkins moves to strike opinions by Shelter experts John Roach and Carl Sumner and testimony by Shelter employee Jeff Guillory regarding their interpretations of a Kentucky statute, KRS § 387.280. The relevant portion of the statute discusses the requirement that certain settlements with minors be approved by a Kentucky state court. No party sought court approval of the 2008 settlement with Adkins' mother. The statute provides as follows:

> When a minor or other person under disability, having no guardian or conservator, is entitled to receive a sum not exceeding ten thousand dollars ($10,000), exclusive of interest, in any action in which real estate has been sold or in the settlement of any estate or from any other source, the person having custody of the minor or other person under disability may settle or compromise the dollar amount when in the interest of the minor or other person under disability. The court in which the action is pending, or, if the sum does not derive from the action, the District Court, may order the sum to be paid to the person having custody of the minor or other person under disability. Before entering the order, *the court shall approve any settlement* or compromise and shall be satisfied by affidavit or oral testimony that the minor or other person under disability is in the custody of the person to whom it is proposed to pay the money and the latter, upon withdrawal of the money, shall be under obligation as trustee to expend it, for the support, maintenance, or education of the minor or other person under disability.

KRS § 387.280 (emphasis added).

Shelter has argued that the statute did not require it to obtain court approval of its settlement with Collins for two reasons. First, it argues that the statute required Collins, as the minor's custodian, not Shelter, to obtain the court approval. Second, it argues that the settlement did not release Adkins' claims, but only Collins' claim so the statute is inapplicable. Experts Roach and Sumner opine in support of the first position and Shelter employee Jeff Guillory, a lawyer, testified to that effect in his deposition.

Adkins' position, on the other hand, seems to be that the statute is ambiguous as to which party should obtain court approval because it does not explicitly state which of the

settling parties has the obligation. (DE 118, Response at 13.) She further argues, however, that, because the statute does require court approval of certain settlements, the insurance company should be the party to obtain court approval, not the parents who she argues are less sophisticated as to legal obligations. (DE 118, Response at 14.)

Adkins argues that any testimony that the statute requires the custodian to obtain court approval should be excluded because it constitutes a legal conclusion. Expert testimony is admissible if it will assist the trier of fact in understanding the evidence or determining a disputed issue of fact. Fed. R. Evid. 702(a). But it is not "proper for the witness to testify as to a legal conclusion; it is the sole function of the trial judge to instruct the jury on the law." *United States v. Zipkin*, 729 F.2d 384, 397 (6th Cir. 1984). This is because "there is one, but only one, legal answer for every cognizable legal dispute. There being only one applicable legal rule for each dispute or issue, it requires only one spokesman of the law, who of course is the judge." *Specht v. Jensen*, 853 F.2d 805, 807 (10th Cir. 1988) (citation omitted).

But all testimony regarding legal issues should not necessarily be excluded. *Id.* at 809. "[A]n expert's testimony is proper under Rule 702 if the expert does not attempt to define the legal parameters within which the jury must exercise its fact-finding function." *Id.* at 809-10. The problem arises when "the purpose of the testimony is to direct the jury's understanding of the legal standards upon which their verdict must be based." *Id.* at 810.

Whether a statute is ambiguous is a legal issue to be decided by the Court. *United States v. Cassidy*, 899 F.2d 543, 545 (6th Cir.1990). The Court agrees with Adkins that KRS § 387.280 is ambiguous as to which party should obtain the required court approval. A statute is ambiguous if it permits at least two reasonable interpretations. *Director, OWCP v. Detroit Harbor Terminals, Inc.*, 850 F.2d 283, 289 (6th Cir. 1988). The statute can be

3

reasonably interpreted to require either of the settling parties to obtain court approval of the settlement. *See Wagner v. Hannifan*, No. 3:14-CV-686, 2015 WL 1003858, at *5 (W.D. Ky. March 6, 2015); *Lawson v. Dawson*, No. 2003-CA-00448-MR, 2004 WL 1909357 at *5 (Ky. App. 2004) ("Neither in the statutes or the case law is it stated on whom the burden rests to ensure that a settlement on behalf of a minor is correctly executed.")

The opinion and testimony at issue on this motion state that KRS § 387.280 does not impose any duty on Shelter "to obtain court approval of minor settlements" but instead imposes that duty on a minor claimant's parent or guardian. (DE 120, Response at 6.) Shelter argues that the testimony will assist the jury in determining whether Shelter acted reasonably in handling minor claims.

The testimony must be excluded. It is contrary to this Court's legal conclusion that the statute is ambiguous as to which of the settling parties must obtain the required court approval. Any testimony that the statute required either party to obtain court approval of the 2008 settlement will be excluded.

Further, testimony regarding the correct interpretation of KRS § 387.280 is not necessary in this case. The issue in this case is not whether Shelter violated KRS § 387.280 but whether it acted reasonably in evaluating and processing Adkins' claim. Thus, what matters is not whether Shelter correctly interpreted the statute to not impose any duty on it, but whether it reasonably interpreted the statute in that manner. By finding the statute ambiguous, this Court has already made that determination and can give the jury an instruction to that effect at the appropriate time, assuming that Shelter presents evidence that it did not obtain court approval of the 2008 settlement because it did not believe it was required to under the statute.

Of course, the fact that Shelter reasonably interpreted the statute does not resolve the issue of whether Shelter acted reasonably in not ensuring that the settlement was

approved by the Court in Adkins' case. As the Court understands the evidence, Shelter has, at times, obtained court approval of settlements involving releases similar to that presented to Collins or at least assisted claimants in obtaining such approval. Thus, there remains the issue of whether it was reasonable that Shelter did not take such actions in Adkins' case and why it did not.

For all these reasons, the Court hereby ORDERS that the motion to strike (DE 115) is GRANTED. Any testimony or opinion that KRS § 387.280 requires the custodian or an insurer to obtain court approval of the settlements at issue is EXCLUDED.

Dated March 26, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY